## PENNSYLVANIA RY. Co. *v.* BALTIMORE & N. Y. RY. Co. *et al.*

(*Circuit Court, S. D. New York.* December 29, 1888.)

**1. STATUTES—PLEADING—JUDICIAL NOTICE.**
On a complaint for obstructing navigation by a bridge over navigable waters, the court will take judicial notice of an act of congress authorizing its construction by defendant.

**2. CONSTITUTIONAL LAW — INTERSTATE COMMERCE — NAVIGABLE WATERS — BRIDGES.**
Congress can lawfully confer upon a private corporation the capacity to occupy navigable waters within a state, and appropriate the soil under them, upon acquiring the rights of the owners. in order to construct a bridge over such waters for the purposes of interstate commerce, without the consent, and notwithstanding the protest, of the state. Following *Decker* v. *Railroad Co.*, 30 Fed. Rep. 723.

**3. NAVIGABLE WATERS—OBSTRUCTION—BRIDGES—BURDEN OF PROOF.**
Where the act authorizing the construction of the bridge prescribes certain details of construction, and requires the plans to be approved by the secretary of war, the burden. in an action for obstructing navigation, is upon defendants to show compliance with such provisions. In a complaint alleging special damages in consequence of the obstruction, it is not necessary to allege that the bridge was not built in conformity with the terms of the act authorizing the structure.

In Equity.   On demurrer.

*Robinson, Scribner & Bright*, for plaintiff.

*McFarland, Bourdman & Platt*, for defendants.

WALLACE, J.   This is a demurrer to a complaint, alleging, in substance, that the defendants have erected and constructed a bridge across the public navigable waters of the Arthur Kill, a portion of Staten Island sound, so located as to unnecessarily obstruct and interrupt the navigation of the waters by the plaintiff, whereby the plaintiff, as a common carrier of goods and passengers, has been subjected to special loss and injury in the prosecution of its business.   The complaint also alleges that it was practicable and feasible for the defendants to locate the piers of their bridge and build their structure on a plan which would have been convenient for the defendants, and would have afforded ample accommodations for the purposes of the navigation of the Arthur Kill, but that, instead of doing this, they have adopted a location and plan unnecessarily obstructive of navigation, in willful disregard of the interests of the plaintiff and the public.   Although it does not appear by the complaint that the defendants were authorized by an act of congress to build and maintain a bridge over the Arthur Kill, the court must take judicial notice that they were.   Moreover, it is not now open to discussion that congress could lawfully confer this authority for the purposes of interstate commerce, notwithstanding the waters are partly within the state of New Jersey, and that state has not consented to, but has protested against, the erection of the bridge.   That question has been adjudicated by this court in favor of the defendants.   *Decker* v. *Railroad Co.*, 30 Fed. Rep. 723.   The act of congress prescribes various conditions and details

of location and construction which are to be observed by the defendants in exercising the authority.granted, (act June 16, 1886,) and requires the approval of the secretary of war to the plan and location of the structure, precedent to its erection. It is now insisted in behalf of the defendants that the court must presume that these conditions have been complied with, and consequently that the bridge is a lawful structure. The demurrer thus raises the question of the burden of proof in a case where the navigation of public waters has been obstructed under circumstances that constitute a nuisance, unless those concerned are authorized by competent authority to maintain the obstruction in the manner and to the extent in which it exists. I have no hesitation in deciding that those who obstruct the use of a public highway, whether on land or water, must justify the act by producing their authority, and proving that they have exercised it in essential conformity to its terms. Their act is an encroachment upon the rights common to all, unless they have a peculiar privilege which exempts them from the general rule of obligation. The fact that a bridge over navigable waters has been sanctioned by congress, or by the state within whose limits they are situated, and that it has been built by the person or corporation authorized to build it, does not render it a legal structure, unless as built it conforms to the terms and limitations of the authority. *City of Georgetown* v. *Canal Co.,* 12 Pet. 97; *Packet Co.* v. *Railroad Co.,* 2 Fed. Rep. 285; *Railroad Co.* v. *Packet Co.,* 125 U. S. 260, 8 Sup. Ct. Rep. 874; *Rutz* v. *City of St. Louis,* 7 Fed. Rep. 438. If the contention for the demurrer is sound, it would devolve upon a plaintiff, whose right to the free navigation of public waters has been interrupted by an impediment which *prima facie* is a nuisance, to prove that the defendant acted under an assumed authority, but was not justified, because his acts were outside of the limitations of his authority; in other words, to negative facts by way of defense which are peculiarly within the knowledge of the defendant. It would be as reasonable to contend that the burden of proof is upon a plaintiff, who has sued an officer for false imprisonment for taking him in custody on the public highway, to show that the officer acted without process, or under void process, or without probable cause. The demurrer is overruled, with leave to the defendants to answer upon the usual terms.